```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

NEIL ROBERTS, et al.,,            :
                                  :   Civil Action No. 10-5916 (FSH)
            Plaintiffs,           :
                                  :
         v.                       :   **MEMORANDUM OPINION**
                                  :
OSCAR AVILES, et al.,             :
                                  :
            Defendants.           :

**APPEARANCES:**

Plaintiffs pro se
Neil Roberts
Andre Christie
Jose N. Espinal
Ramon Lopez Ruiz
at
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, New Jersey  07032

**HOCHBERG**, District Judge

Plaintiffs Neil Roberts, Andre Christie, Jose N. Espinal, and Ramon Lopez Ruiz, all immigration detainees confined at Hudson County Correctional Center at Kearny, New Jersey, seek to bring this civil action asserting claims pursuant to 42 U.S.C. § 1983.  Plaintiffs have neither prepaid the $350 filing fee nor submitted applications for leave to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  As these Plaintiffs are confined, civilly, as immigration detainees, those provisions of the Prison Litigation Reform Act that are applicable to prisoners, e.g., 28 U.S.C.

§ 1915(a)(2), are not applicable to these Plaintiffs. See Ojo v. INS, 106 F.3d 680 (5th Cir. 1997). Other provisions of § 1915, however, are applicable to non-prisoner Plaintiffs. Thus, although only one filing fee needs to be paid, if multiple plaintiffs seek to proceed in forma pauperis, each such plaintiff must qualify for in forma pauperis status and the plaintiffs must establish that they cannot, singly or together, pay the filing fee. See, e.g., Anderson v. California, Civil No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); Darden v. Indymac Bancorp, Inc., Civil No. 09-2970, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009).

In this action, Plaintiffs did not prepay the $350 filing fee nor did any of them submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1).

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiffs will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


S/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: November 30, 2010

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).