**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


NEIL ROBERTS, et al.,       :
                            :    Civil Action No. 10-5916 (FSH)
          Plaintiffs,       :
                            :
     v.                     :    OPINION
                            :
OSCAR AVILES, et al.,       :
                            :
          Defendants.       :
```

**APPEARANCES:**

Plaintiffs pro se
Neil Roberts
Andre Christie
Jose N. Espinal
Ramon Lopez Ruiz
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ  07032

**HOCHBERG**, District Judge

Plaintiffs Neil Roberts, Andre Christie, Jose N. Espinal, and Ramon Lopez Ruiz are immigration detainees confined at Hudson County Correctional Center in Kearny, New Jersey.  They seek to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983[1], alleging violations of their constitutional rights.

---

[1] Plaintiffs also assert jurisdiction under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), in which the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  Here, however, no federal agents are named as defendants.  Accordingly, jurisdiction does not lie under the Bivens theory.

Based on their affidavits of indigence, the Court will grant Plaintiffs' application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint and are accepted as true for purposes of this review.

Plaintiffs are immigration detainees confined in connection with removal proceedings.[2] Plaintiffs allege that immigration detainees confined at Hudson County Correctional Center are subject to various purported constitutional violations, as follows:  (1) detainees are deprived of due process when disciplinary actions are taken against them, because they are sent to the segregation unit without a hearing or issuance of written charges, sometimes for days or up to as much as a month,[3]

---

[2] The Court notes that at least two of the named Plaintiffs are subject to administratively final orders of removal that are the subject of pending petitions for review in the U.S. Court of Appeals for the Second Circuit.  See, e.g., Roberts v. Holder, No. 11-1753 (2d Cir.); Espinal v. Holder, No. 11-2851 (2d Cir.).

This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[3] In support of this claim, the Complaint recites the experiences of two detainees, Plaintiff Espinal and Oscar Danilo

(2) detainees are subject to a 10% tax on commissary items, as well as highly marked-up prices, (3) detainees' grievances are not answered,[4] (4) detainees are not given newspapers to read (although they are permitted to watch television news programs),[5] (5) detainees are not provided reading materials such as novels, (6) detainees are required to go to bed at 9:00 p.m., (7) male detainees are housed in a women's unit and do not have urinals, which they allege exposes them to disease when some detainees urinate on the toilet seats,[6] and (8) the detainees' housing unit has a dirty ventilation system.  Plaintiffs allege that these actions and conditions violate their rights under the First,

---

Iglesia, not named as a Plaintiff here.  With respect to Plaintiff Espinal, the Complaint recites that Defendant Sgt. Levine asked Mr. Espinal to make false accusational statements against Roberto Hamilton (who was also in segregation) and told Mr. Espinal that if he did not, she would leave and not return for eight to ten days.

[4] It is well established that prisoners have no constitutional right to a grievance system or to responses to their grievances.  See, e.g., Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa.), aff'd, 142 F.3d 430 (3d Cir. 1998).  The First Amendment right to petition the government for redress of grievances is a right of access to the courts, not to an institutional grievance system.  Id.

[5] Plaintiffs state that Hudson County officials have advised that giving the detainees a daily newspaper would raise security concerns if the detainees knew about the alleged crimes of other inmates.

[6] The notion that Plaintiffs are subjected to unconstitutional conditions of confinement because their bathrooms contain toilets rather than urinals is absurd.

3

Fifth, Eighth,[7] and Fourteenth Amendments to the U.S. Constitution.  The named Plaintiffs seek to assert these claims as a "class action."[8]

The named defendants are Warden Oscar Aviles, Lt. Rivera, Deputy Warden Eady, Captain Day, Hudson County Executive Thomas A. Degise, Sergeant L. Levine, and Hudson County Correctional Center.[9]  Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages.

---

[7] The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  It does not govern conditions of confinement of civil detainees.

[8] Although the Complaint proclaims in the caption, "THIS IS A CLASS ACTION," and mentions several times in the text that this matter is a class action, nowhere in the text of the Complaint is there any discussion of the nature of the purported class or of how this matter meets the prerequisites for a class action. See Rule 23 of the Federal Rules of Civil Procedure.

[9] A jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E. D. Va. 1992) (local jail not a "person" under § 1983); Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal. 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under § 1983); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not a suable entity separate from the county).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the

>"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a) controls the permissive joinder of parties.

(1) Plaintiffs. Persons may join in one action as plaintiffs if:
    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all plaintiffs will arise in the action.
(2) Defendants. Persons ... may be joined in one action as defendants if:
    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

>    occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. Rule 20(a).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action. Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party. The court may also sever any claims against a party."[10]

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[10] This Court expresses its concern that the various named Defendants are not properly joined in one action. Because of the disposition of this matter, however, the Court need not decide this issue at this time.

8

>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

9

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).[11]

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

---

[11] Here, the Court notes that the Complaint asserts that Defendants Hudson County Executive Thomas A. Degise, Warden Oscar Aviles, Deputy Warden Eady, Lt. Rivera, Captain Day, and Sergeant L. Levine

> all fall under the scope of supervisory liability, because of the fact that as supervisors they have full Knowledge. In light of these allegations, they should have came up with a plan to answer the detainees grievances, and correct the conditions of confinement, (*See Bell v. Wolfish, 441 U.S. 520 (1079)*, [sic] but have shown gross negligence by allowing it to continue, so they all fall in the scope of supervisory liability.

Complaint, page 7. Apart from the alleged actions of Sergeant Levine with respect to detainees in administrative segregation, mentioned above, the Complaint fails to make any factual allegations with respect to the personal involvement of any of these named defendants and, as noted above, § 1983 does not permit liability based upon this type of theory of vicarious liability.

IV.  ANALYSIS

As a preliminary matter, this Court must address the propriety of permitting this action to proceed as a class action.

Rule 23 of the Federal Rules of Civil Procedure allows a class action if certain requirements are met.  First, the class must meet the "prerequisites" of Rule 23(a):  (1) numerosity (a "class so numerous that joinder of all members is impracticable"), (2) commonality (that "there are questions of law or fact common to the class"), (3) typicality ("the claims ... of the representative parties are typical of the claims ... of the class"), and (4) adequacy (that "the representative parties will fairly and adequately protect the interests of the class").  Second, the class must fit one of the Rule 23(b) types of classes: (1) cases in which there is a threat of inconsistent, varying, or impeding adjudications against individual class members if the case is not adjudicated as a class action, (2) cases in which final injunctive or declaratory relief is appropriate for the class as a whole, or (3) cases in which the common questions of law and fact predominate over individual inquiries and a class action is the optimal way to fairly and efficiently adjudicate the controversy.  See generally Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997).

"[A] thorough examination of the factual and legal allegations" may be necessary when deciding a motion for class

11

certification.  Newton v. Merril Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 166 (3d Cir. 2001).  Nonetheless, "it is not necessary for the plaintiffs to establish the merits of their case at the class certification stage" and "the substantive allegations of the complaint must be taken as true."  In re Chiang, 385 F.3d 256, 262 (3d Cir. 2004).

Here, Plaintiffs Neil Roberts, Andre Christie, Jose N. Espinal, and Ramon Lopez Ruiz have failed to assert facts establishing that certification of a class is appropriate or that they would function as adequate class representatives.  More specifically, for example, with respect to the "numerosity" requirement, Plaintiffs have failed to allege any facts regarding the number of alien detainees confined at Hudson County Correctional Center or the number of putative class members affected by any of the alleged constitutional violations.  With respect to the "adequacy" requirement, Plaintiffs have failed to demonstrate that they would fairly and adequately protect the interests of the class.  The named Plaintiffs are all immigration detainees; two, at least, are already subject to an administratively final order of removal.  While the fact that each immigration detainee is virtually certain to forfeit his stake in the claims asserted, at least with respect to injunctive relief, might not necessarily render them inappropriate class representatives, cf. U.S. Parole Commission v. Geraghty, the fact

12

that they are virtually certain to be removed from this country, coupled with the time constraints typically applicable to prisoner class actions, see Thomas E. Willging, Laural L. Hooper, Robert J. Niemic, <u>Class Actions and the Rulemaking Process: An Empirical Analysis of Rule 23 to Address the Rulemaking Challenges</u>, 71 N.Y.U.L.Rev. 74, 96 (May 1996) (time required for resolution of prisoner civil rights cases filed as a class action is 5.03 times more than the time required for resolution of all claims of individual members of the class), makes it unlikely that any of these named representatives will be able to prosecute this case to its conclusion.  Moreover, this Court already has noted multiple flaws in the factual and legal theories of the Complaint; thus, these Plaintiffs have not demonstrated even a rudimentary knowledge of the applicable law.  Nor have these Plaintiffs alleged any facts suggesting that they have made any attempt to locate appropriate class counsel.

Moreover, Plaintiffs have failed to allege facts suggesting that this is an appropriate class action under Rule 23(b).  Prisoner cases challenging conditions of confinement routinely proceed as individual claims; thus, it is not likely that there is a threat of inconsistent adjudications against individual class members if detainees' claims proceed individually.  While final injunctive relief might be appropriate for the class as a whole, the request for monetary damages would require individual

13

litigation as to monetary damages with respect to removed aliens. Finally, the Complaint does not demonstrate that common questions of law and fact predominate over individual inquiries. To the contrary, for example, questions regarding the circumstances of disciplinary segregation are likely to depend upon highly individualized facts.

For all of these reasons, this Court will deny the implied application for class certification contained in the Complaint. Cf. Williams v. Aviles, 2010 WL 4553532 (D.N.J. Oct. 28, 2010) (similarly denying class certification with respect to immigration detainees housed at Hudson County Correctional Center). The named Plaintiffs will be granted leave to proceed with individual actions, if they so choose.

## V.  CONCLUSION

For the reasons set forth above, the application for class certification will be denied and the Complaint will be dismissed without prejudice. Plaintiffs will be granted leave to proceed with individual actions. An appropriate order follows.

s/ faith S. Hochberg<br>
Faith S. Hochberg<br>
United States District Judge

Dated: February 16, 2012

14